(56 Misc. Rep. 635.)

TENEMENT HOUSE DEPARTMENT OF CITY OF NEW YORK v. NEWLAND REALTY & CONSTRUCTION CO.

(Supreme Court, Appellate Term. December 20, 1907.)

MUNICIPAL CORPORATIONS—POLICE POWER—BUILDING REGULATIONS—VIOLATION.

An owner of tenement houses filed with the tenement house department plans for altering them for manufacturing purposes. Under these plans he proceeded to tear down partitions, erect others, and make extensive

alterations, which having been completed, the owner filed a second set of plans, which contemplated the adaptation of the houses as they then were to tenement house purposes, and the plans were approved. *Held,* in an action for the penalty for a violation of the tenement house law, after notice of violation, in that the alterations were made without plans filed and approved as required by law, that, it appearing that the alterations made before the second set of plans was approved were such as could not have been legally made in existing tenement houses, and the facts warranting a finding that the alterations so effected under the plans first filed were made with the 'intent to evade the tenement house law, and that the owner never intended to turn the houses from tenement to nontenement purposes, he was guilty of a violation of the law.

Appeal from Municipal Court, Borough of Manhattan, Eighth District.

Action by the tenement house department of the city of New York against the Newland Realty & Construction Company for the penalty for a violation of the tenement house law. Judgment for plaintiff, and defendant appeals. Affirmed.

Argued before GILDERSLEEVE, P. J., and McCALL and FORD, JJ.

A. S. Schomer, for appellant.
F. K. Pendleton, for respondent.

FORD, J. Defendant (appellant) owned 10 tenement houses which it proposed to turn into lofts for light manufacturing purposes. It accordingly filed plans with the plaintiff (respondent), the tenement house department, for that ostensible purpose. This took the buildings out of the jurisdiction of the plaintiff, and it so notified the superintendent of buildings. Under these plans defendant proceeded to tear down partitions, erect others, and make extensive alterations, with the evident purpose of their future use as tenement houses, although such alterations in old tenement houses are expressly forbidden by the statute. After these extensive changes were made in the buildings, defendant filed a second set of plans, which contemplated the adaptation of the houses as they then were to tenement house purposes. These latter plans were approved December 21, 1906. On March 8, 1907, plaintiff duly served notice of violation under the tenement house law, alleging that the alterations were made without plans filed and approved as required by law. Nothing was done by defendant to remove the violation. Plaintiff contends that this subjects defendant to liability for the statutory penalty, which was imposed by the judgment appealed from.

Defendant maintains that no liability exists, because as a matter of fact plans had been filed and approved—i. e., the plans for the change from tenement to nontenement purposes—before any alterations were made, and that at the time the notice of violation was served the second set of plans had been filed and approved, authorizing the changes made as well as those in contemplation. Hence, the defendant contends, there was no violation to be removed, and the case of the plaintiff fails. It appears that the alterations made before the second set of plans was approved were such as could not have been legally made in existing tenement houses. All the facts and circumstances surrounding the

case are ample warrant for the finding that the alterations effected under the plans first filed were made with the intent to evade the tenement house law, and that the defendant never really intended to turn the houses from tenement to nontenement uses. The statute plainly forbids the doing of just what the defendant did do. At the time the notice of violation was served the violation existed, and the penalty followed unless that violation was removed within five days. It was not removed, and no effort was made to remove it. Defendant should not be heard to plead in extenuation of its illegal acts the ingenious methods resorted to for their accomplishment.

The judgment should be affirmed, with costs. All concur.